UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUCCESSION OF CHARLES E.**                       **CIVIL ACTION**
**NEHLIG, through its legally appointed**
**succession representative, JOY NEHLIG**                 **No. 7-8696**

**VERSUS**                                                       **SECTION I/4**

**HARTFORD INSURANCE COMPANY**
**OF THE MIDWEST**

## ORDER AND REASONS

Before the Court is a motion for summary judgment, filed on behalf of defendant, Hartford Insurance Company of the Midwest ("Hartford").[1] Plaintiff, Joy Nehlig ("Nehlig") has opposed the motion.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

Plaintiff's father, Charles E. Nehlig, allegedly owned residential property at 1736 Heights Drive in St. Bernard Parish, Louisiana.[3] Defendant issued a homeowner's insurance policy on the property that was in effect when Hurricane Katrina made landfall in New Orleans. According to Hartford, its policy contained a $105,000 limit of liability for damage to the

---

[1] R. Doc. No. 32.

[2] R. Doc. No. 33.  For simplicity, the Court designates Joy Nehlig as plaintiff as she is suing on behalf of her father's succession.

[3] R. Doc. No. 1-2, petition ¶ 4.

1

dwelling.[4]  During the hurricane, the property sustained severe damage from the effects of the storm.  Plaintiff alleges that Hartford failed to adequately compensate her insured loss, and filed this lawsuit in state court on August 28, 2007.  Hartford removed the case on November 14, 2007.

In its motion, Hartford seeks dismissal of all of plaintiff's claims.  First, Hartford argues that plaintiff cannot prevail on her claim for additional insurance compensation because she has already recovered more than the Hartford policy's limit when her flood proceeds and homeowner proceeds are combined.  Alternatively, Hartford seeks a ruling that plaintiff can recover no more than $15,585.11 — the difference between her combined flood and homeowner proceeds and the alleged replacement cost value of the dwelling.  Second, Hartford seeks dismissal of plaintiff's extra-contractual claims pursuant to Louisiana Revised Statutes § 22:658 and § 22:1220.

*LAW AND ANALYSIS*

**I.    Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence

---

[4] R. Doc. No. 32-3, ex. B. at 4.  The policy also contained a $250 deductible. Id.

of evidence supporting the other party's case.  <u>Celotex</u>, 477 U.S. at 323; <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  <u>Id.</u>  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."  <u>Id.</u> at 255; <u>see</u> <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999).

## II.     Extra-Contractual Claims

Nehlig does not oppose the dismissal of her extra-contractual claims, conceding that she lacks evidence to support liability for penalties or attorneys' fees.[5]  Accordingly, those claims are **DISMISSED WITHOUT PREJUDICE** to Nehlig's right to reassert them should Hartford's subsequent conduct give rise to liability.

---

[5] R. Doc. No. 33, mem. opp'n 8.

### III.     Claims Pursuant to the Hartford Policy

Hartford's policy insured plaintiff for up to $105,000 for damage to the property caused by a covered peril, subject to a $250 deductible. Hartford claims it paid plaintiff $10,472.89 for covered damage to the dwelling.[6] Plaintiff does not dispute this assertion. Hartford also contends that plaintiff recovered $100,000 from her flood insurer, Allstate, for flood damage to the dwelling.[7] Hartford has provided documentary evidence of this payment.[8] Plaintiff does not dispute this assertion.

Hartford, relying on Allstate's flood claim summary, contends that the replacement cost value of the property was $126,058.[9] Plaintiff contends that the flood claim summary is improper summary judgment evidence, as it has not been authenticated pursuant to Rule 56(e). The Court agrees with plaintiff and declines to consider this unauthenticated evidence of the replacement cost of the property. The Court notes, however, that plaintiff has provided no evidence of her own to establish the value of the property.

Further, plaintiff disputes Hartford's claim, through its adjuster Brian Talbot ("Talbot"), that covered perils caused $10,472.89 (after the $250 deductible) in damages. Nehlig provides the affidavit of her brother, Chris Emile Nehlig, who alleges that he personally observed wind and rain damage to the property prior to any flooding.[10] Chris Emile Nehlig does not assign a dollar value to the damage he observed. However, plaintiff contends that the differences

---

[6] Mem. supp. 1-2.

[7] Hartford also alleges that plaintiff received $40,000 for damages to the dwelling's contents.

[8] R. Doc. No. 32-5, ex. D.

[9] R. Doc. No. 32-5, ex. C.

[10] R. Doc. No. 33-2, Chris Emile Nehlig affidavit.

between his observations and those of Talbot are sufficient to create a genuine issue of material fact as to the extent of the damage cause by covered perils under the Hartford policy.

Because a genuine issue of material fact exists with respect to the extent of damage caused by covered perils under plaintiff's policy, Hartford's motion for summary judgment is **DENIED**.

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that Hartford's motion for summary judgment is **GRANTED** with respect to plaintiff's extra-contractual claims and **DENIED** with respect to plaintiff's claims pursuant to the Hartford insurance policy.

New Orleans, Louisiana, October 21, 2008.

                                                        *[signature]*

                                        **LANCE M. AFRICK**
                                **UNITED STATES DISTRICT JUDGE**